FILED
 2011 Jul-15 PM 03:48
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **OLIVER T. HOLLIS,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. CV-10-S-3430-NW |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant, Oliver Hollis, commenced this action on December 10, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Briefs are not required in social security appeal cases,[1] and claimant did not file a supporting brief.  Nevertheless, this court has carefully reviewed the entire record in reaching its determination of the merits of claimant's appeal.

Claimant alleged that he became disabled on February 1, 2006, due to injury to and pain in his right, dominant wrist. Indeed, the ALJ found that claimant had the "severe" impairments of radial scaphoid arthritis, degenerative arthritis of the right wrist secondary to scapholunate disassociation, carpal tunnel syndrome on the right, and status post scaphoid carpectomy, but that claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments.[2]  Despite claimant's severe impairments, the ALJ found that claimant retained the residual functional capacity to perform light work with additional limitations of lifting less than five pounds with his right hand while wearing a brace; only occasional kneeling, stooping, crouching, and crawling; no pushing or pulling with the right upper extremity; only occasional fine and gross manipulation on the right with the use of a brace; and limited ability to pick up flat objects such as coins.[3] In so finding, the ALJ discredited claimant's subjective complaints of disabling pain.[4]

---

[1] *See* doc. no. 6 (briefing letter).
[2] Tr. 12, 14.
[3] Tr. 15-16, 41-43, 50.
[4] Tr. 15.

The ALJ then relied upon vocational expert testimony to determine that a person of claimant's age, education, work experience, and residual functional capacity would be able to perform jobs that exist in significant numbers in the national economy.[5] Accordingly, the ALJ found that claimant had not been under a disability, as defined by the Social Security Act, from February 1, 2006, through the date of the administrative decision.[6]

Upon review of the entire record, the court concludes that the ALJ's findings were supported by substantial evidence and in accordance with applicable law.

First, the record supports the ALJ's determination that claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. Indeed, it appears that claimant did not even make such a claim during the administrative proceedings.

The ALJ also properly considered claimant's complaints of pain. To demonstrate that pain or other subjective symptoms render him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v.*

---

[5] Tr. 17-18.
[6] Tr. 18.

*Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ properly applied this standard. He found that claimant's medically determinable impairments could reasonably be expected to cause the symptoms he alleged, but that claimant's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they are inconsistent with the ALJ's residual functional capacity finding.[7] The ALJ also adequately articulated reasons for not crediting claimant's testimony on pain. Specifically, he reasoned that claimant's allegations were not supported by the medical evidence of record. To the extent any of claimant's pain allegations *were* credible, they were incorporated into the residual functional capacity finding.

Substantial evidence supports the ALJ's conclusions. The ALJ relied heavily upon the testimony of Dr. Allan Levine, who reviewed claimant's medical records and testified during the administrative hearing to the residual functional capacity ultimately adopted by the ALJ. The ALJ credited Dr. Levine's assessment because it was consistent with the rest of the medical evidence, especially the examination of

---

[7]Tr. 15.

Dr. Eston Norwood and the results of objective testing, because Dr. Levine's assessment took into account claimant's complaints of pain, and because Dr. Levine is a board-certified orthopedic specialist.[8]

The ALJ afforded only little weight to the Clinical Assessment of Pain form provided by Dr. Farouk Raquib on October 14, 2008. Dr. Raquib indicated that pain was present in claimant's daily life to such an extent as to be distracting to adequate performance of daily activities of work; that physical activity would cause some increase in pain level, but not to such an extent as to prevent adequate functioning; that claimant's medical conditions, including pain, would compromise his ability to sustain work activity on a regular and continuous basis; that claimant's medical condition would cause him to be absent from work at least 3 times a month; and that claimant's medications would cause some limitations, but not to such a degree as to cause serious problems in most instances.[9] Although Dr. Raquib's observations as to the impact of claimant's pain on his daily work activities and his absences from work likely would preclude all substantial gainful work activity, the ALJ did not fully credit Dr. Raquib's findings because they were not consistent with the other medical evidence, and because they were based on claimant's subjective complaints of pain,

---

[8]Tr. 16.
[9]Tr. 263-64.

rather than on any specific objective limitations.[10] These conclusions were supported by substantial evidence.

In conclusion, the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 15th day of July, 2011.

_____
United States District Judge

---

[10]Tr. 16.